IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEYER INTELLECTUAL PROPERTIES LIMITED; and MEYER CORPORATION, U.S., <br><br> Plaintiffs, <br><br> v. <br><br> BODUM, INC. <br><br> Defendant. | Civil Action No. 06-CV-6329 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Sidney I. Schenkier |

## PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES

NOW COME Plaintiffs, MEYER INTELLECTUAL PROPERTIES, LTD. and MEYER CORPORATION, U.S., (collectively "Meyer") by and through their attorneys, hereby moves this Court for an order compelling Defendant BODUM, INC ("Bodum") to provide Answers to Meyer's Interrogatories 2, 3, 8, 10, 11, 13, 14 and 15. A memorandum in support of this motion is submitted herewith.

In accordance with Federal Rule of Civil Procedure 37(a)(2) and Local Rule 37.2, it is stated that counsel for Meyer and Bodum have consulted by telephone and in good faith in their attempts to resolve differences in this matter, and are unable to reach an accord, leading to the present motion. This telephone consultation took place on the afternoon of Monday, March 19, 2007 between David Bennett, counsel for Bodum, and Katharine Dunn, counsel for Meyer.

Dated: March 26, 2007

Respectfully submitted,

MEYER INTELLECTUAL PROPERTIES LIMITED.; and
MEYER CORPORATION U.S.

By: _/s/ Katharine Dunn_____
One Of Their Attorneys

Allan J. Sternstein
Lisa Mueller
Katharine N. Dunn
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606.7509
312 876 1700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEYER INTELLECTUAL PROPERTIES LIMITED; and MEYER CORPORATION, U.S., <br><br> Plaintiffs, <br><br> v. <br><br> BODUM, INC. <br><br> Defendant. | Civil Action No. 06-CV-6329 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Sidney I. Schenkier |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL ANSWERS TO INTERROGATORIES**

NOW COME Plaintiffs, MEYER INTELLECTUAL PROPERTIES, LTD. and MEYER CORPORATION, U.S., by and through their attorneys, and for their Motion to Compel answers to interrogatories from Defendant, BODUM, INC, states as follows:

I.   **INTRODUCTION**

This is an action brought by Meyer Intellectual Properties, Ltd. and Meyer Corporation, U.S. (collectively "Meyer") against Bodum, Inc. ("Bodum") for infringement of two patents. This motion seeks to compel Bodum to properly answer Interrogatories 2, 3, 8, 10, 11 13, 14, and 15.

II.   **FACTUAL BACKGROUND**

On January 25, 2007, Plaintiffs propounded its first set of Interrogatories on Defendant Bodum. (Copy attached hereto as Exhibit A). Bodum's answers were due on or before February 26, 2007.

As of February 26, no discovery responses were provided by Bodum, Bodum's counsel

never contacted Meyer's counsel requesting any extension of time, and no extension of time was sought through the Court.

On March 6, 2007, counsel for Meyer wrote to counsel for Bodum reminding them that discovery responses were overdue and inquiring when Bodum's now delinquent responses would be provided. It was also noted in this letter that, in accordance with the provisions of Rule 33, Bodum had now waived any objections it may have been contemplating in its discovery responses. (The March 6, 2007 letter from Katharine Dunn, counsel for Meyer, to David Bennett, counsel for Bodum, attached hereto as Exhibit B).

On March 8, 2007, Bodum served its untimely discovery responses. Notably, numerous objections were included throughout Bodum's Answers and, aside from any issue over the waiver of objections, the Answers were substantively inadequate and nonresponsive. (See copy of Bodum's Answers to Plaintiff's Interrogatories attached hereto as Exhibit C). As seen from the Interrogatories and "responses:"

> **Interrogatory No. 2** requested an identification by Bodum of the specific claims Bodum is alleging are invalid under 35 U.S.C. §102 (in its Answer to the Complaint Bodum had expressly alleged that "[t]he claims of the '087 Patent and the '122 Patent, and each of them, are invalid in that they fail to meet the requirements of 35 U.S.C. §102, 103 and/or 112" (Defendant's Answer to the Complaint and Counterclaims, Second Counterclaim for Declaratory Judgment of Invalidity, Paragraph 9, attached as Exhibit D). In its response to Interrogatory No. 2, although apparently maintaining allegations of invalidity under 35 U.S.C. §102, Bodum did not identify any patent claim that is alleged to be invalid under the requirements of this statute.
>
> Interrogatory No. 2 also requested identification of the specific prior art references, if any, alleged to invalidate the patent claims under §102. Bodum provided no such identification.
>
> **Interrogatory No. 3** requested an identification of the specific claims Bodum is alleging are invalid under 35 U.S.C. §103, and an identification of the prior art alleged to invalidate the claims. In its response, Bodum does not identify any claim and, although making a general and vague reference to some "Bodum prior art coffee press," no specific identification, such that Meyer could tell what coffee press is being referred to, is provided.

2

**Interrogatory No. 8** requested an explanation for Bodum's allegation that plaintiffs are guilty of inequitable conduct by withholding information from the Patent Office, including the identification of Bodum's prior art coffee presses that are referenced in Bodum's Second Separate Defense in its Answer to the Complaint (Exhibit D). Although Bodum again made a general and vague reference to Meyer's "own prior art products (as well as those of Bodum)," and said it would provide catalogues and other documents identifying prior art, it does not identify what particular products are being referred to.

**Interrogatory No. 10** requested identification of all opinions, both oral and written, that were sought, rendered, or received by Defendant, or anyone acting on its behalf, relating to the patentability, scope, infringement, validity, or enforceability of the patent-in-suit. Bodum objected to this interrogatory as seeking information protected by the attorney-client privilege, and no substantive response was provided.

**Interrogatory No. 11** requested identification of the number and offered price of all "offers to sell," as that term is used in 35 U.S.C. § 271(a), the Accused Product for which an actual sale was not made. Bodum objected to this interrogatory as being overly broad, unduly burdensome and directed to irrelevant information and not calculated to lead to admissible evidence. No substantive response was provided.

**Interrogatory No. 13** requested the identification of all non-electric milk frothers (e.g., the type of product and its use covered by the patents in suit) made, used, sold or imported into the United States by Bodum. No substantive response was provided, but only a promise stating "[t]his information will be provided."

**Interrogatory No. 14** requested, for each non-electric milk frother product identified in No. 13, the dates when Bodum began making, offering for sale, selling, using and importing such products and when Bodum stopped offering such products for sale in the United States, and the total number and total dollar value of sales and projected sales for each product. Bodum objected to this Interrogatory for any sales data sought prior to January 2001.

**Interrogatory No. 15** requested an identification of persons most knowledgeable about the products mentioned in Interrogatory 13. Bodum objected to this Interrogatory as vague, compound, overly broad and unduly burdensome. No substantive response was provided.

On March 12, 2007, counsel for Meyer wrote to counsel for Bodum setting forth where, in addition to and aside from any issue over the waiver of objections, Bodum's interrogatory answers were woefully inadequate and nonresponsive. It was requested that Bodum provide the information necessary to cure those deficiencies by March 16, 2007. (See copy of March 12, 2007 correspondence from Katharine Dunn to Dave Bennett attached hereto as Exhibit E).

By March 16, no response on the delinquent and deficient interrogatory responses was provided by Bodum or its counsel. On March 19, Meyer's counsel talked with counsel for Bodum over the telephone, at which time Bodum's counsel said he would at least send a letter responding to Meyer's letter by March 21, 2007.

To date, Bodum has failed to provide Meyer with any of the information deficient from its answers to interrogatories, nor has Bodum responded to Meyer's correspondence regarding its deficiencies as counsel said he would. The present Motion is clearly necessary to obtain the requested discovery.

### III. ARGUMENT

Rule 33 of the Federal Rules of Civil Procedure specifically provides, in pertinent part:

> "(3)  The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.
>
> (4)  All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."

In addition to the fact that Bodum waived its right to object to any of the discovery requested by Meyer due to the untimeliness of its answers, Bodum's Answers to Meyer's Interrogatories are woefully deficient in substance. No substantive response was provided for the requested information addressed above in response to Interrogatory Nos. 2, 3, 8, 10, 11, 13, 14 and 15.

For Interrogatory Nos. 2, 3, and 13, the requested information was not provided, and no objection (even if waived) or other excuse was made. The requested information should be provided immediately.

4

With regard to Interrogatory No. 8, although it was stated that catalogues and other documents will be produced, the simple production of catalogues and prior art references will not identify the specific products being referred to and relied upon as allegedly supporting Bodum's charge of inequitable conduct. A specific identification, as requested, should be provided.

For Interrogatory No. 10, aside from the fact that Bodum has waived any objections due to its delinquent responses, the identification of any opinions, the dates thereof, who rendered the opinions, and to whom they were given, is not privileged. All information requested should be provided.

With regard to Interrogatory No. 11, "offers to sell" are acts of infringement under the Patent Act, 35 U.S.C. 271, just as are actual sales, and are directly relevant to the allegations of infringement and damages being sought by Meyer. All information requested for "offers for sale" should be provided immediately.

With regard to Interrogatory No. 14, and contrary to Bodum's objections, even if not waived, sales prior to 2001 are significant with regard to commercial success. The requested information should be provided.

Finally, as to Interrogatory No. 15, Bodum's objections of vagueness, even if not waived, are specious and not made in good faith – Bodum propounded the identical interrogatory to Meyer (see Bodum's Interrogatory No. 15, attached hereto as Exhibit F). The requested information should be provided immediately.

## IV. REQUEST FOR ATTORNEYS' FEES

There is no justification for Bodum failing to timely provide the requested information addressed above, or for Meyer to need to bring the present motion in order to obtain such information. An award of attorneys fees is warranted.

5

## V. CONCLUSION

For the foregoing reasons, this Court should order Bodum to answer Meyer's interrogatories 2, 3, 8, 10, 11, 13, 14 and 15, within ten (10) days hereof and should award attorneys' fees to Meyer and for any other relief this Court deems just and reasonable.

Dated: March 26, 2007

Respectfully submitted,

MEYER INTELLECTUAL PROPERTIES LIMITED.; and
MEYER CORPORATION U.S.

By: _____
Allan J. Sternstein
Katharine N. Dunn
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606.7509
312 876 1700

Counsel for Plaintiffs

CHICAGO\2302071.1
ID\KND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEYER INTELLECTUAL PROPERTIES LIMITED; and MEYER CORPORATION, U.S., <br><br> Plaintiffs, <br><br> v. <br><br> BODUM, INC. <br><br> Defendant. | Civil Action No. 06-CV-6329 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Sidney I. Schenkier |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL ANSWERS TO INTERROGATORIES**

NOW COME Plaintiffs, MEYER INTELLECTUAL PROPERTIES, LTD. and MEYER CORPORATION, U.S., by and through their attorneys, and for their Motion to Compel answers to interrogatories from Defendant, BODUM, INC, states as follows:

I.   **INTRODUCTION**

This is an action brought by Meyer Intellectual Properties, Ltd. and Meyer Corporation, U.S. (collectively "Meyer") against Bodum, Inc. ("Bodum") for infringement of two patents. This motion seeks to compel Bodum to properly answer Interrogatories 2, 3, 8, 10, 11 13, 14, and 15.

II.   **FACTUAL BACKGROUND**

On January 25, 2007, Plaintiffs propounded its first set of Interrogatories on Defendant Bodum. (Copy attached hereto as Exhibit A). Bodum's answers were due on or before February 26, 2007.

As of February 26, no discovery responses were provided by Bodum, Bodum's counsel

never contacted Meyer's counsel requesting any extension of time, and no extension of time was sought through the Court.

On March 6, 2007, counsel for Meyer wrote to counsel for Bodum reminding them that discovery responses were overdue and inquiring when Bodum's now delinquent responses would be provided. It was also noted in this letter that, in accordance with the provisions of Rule 33, Bodum had now waived any objections it may have been contemplating in its discovery responses. (The March 6, 2007 letter from Katharine Dunn, counsel for Meyer, to David Bennett, counsel for Bodum, attached hereto as Exhibit B).

On March 8, 2007, Bodum served its untimely discovery responses. Notably, numerous objections were included throughout Bodum's Answers and, aside from any issue over the waiver of objections, the Answers were substantively inadequate and nonresponsive. (See copy of Bodum's Answers to Plaintiff's Interrogatories attached hereto as Exhibit C). As seen from the Interrogatories and "responses:"

> **Interrogatory No. 2** requested an identification by Bodum of the specific claims Bodum is alleging are invalid under 35 U.S.C. §102 (in its Answer to the Complaint Bodum had expressly alleged that "[t]he claims of the '087 Patent and the '122 Patent, and each of them, are invalid in that they fail to meet the requirements of 35 U.S.C. §102, 103 and/or 112" (Defendant's Answer to the Complaint and Counterclaims, Second Counterclaim for Declaratory Judgment of Invalidity, Paragraph 9, attached as Exhibit D). In its response to Interrogatory No. 2, although apparently maintaining allegations of invalidity under 35 U.S.C. §102, Bodum did not identify any patent claim that is alleged to be invalid under the requirements of this statute.
>
> Interrogatory No. 2 also requested identification of the specific prior art references, if any, alleged to invalidate the patent claims under §102. Bodum provided no such identification.
>
> **Interrogatory No. 3** requested an identification of the specific claims Bodum is alleging are invalid under 35 U.S.C. §103, and an identification of the prior art alleged to invalidate the claims. In its response, Bodum does not identify any claim and, although making a general and vague reference to some "Bodum prior art coffee press," no specific identification, such that Meyer could tell what coffee press is being referred to, is provided.

2

**Interrogatory No. 8** requested an explanation for Bodum's allegation that plaintiffs are guilty of inequitable conduct by withholding information from the Patent Office, including the identification of Bodum's prior art coffee presses that are referenced in Bodum's Second Separate Defense in its Answer to the Complaint (Exhibit D). Although Bodum again made a general and vague reference to Meyer's "own prior art products (as well as those of Bodum)," and said it would provide catalogues and other documents identifying prior art, it does not identify what particular products are being referred to.

**Interrogatory No. 10** requested identification of all opinions, both oral and written, that were sought, rendered, or received by Defendant, or anyone acting on its behalf, relating to the patentability, scope, infringement, validity, or enforceability of the patent-in-suit. Bodum objected to this interrogatory as seeking information protected by the attorney-client privilege, and no substantive response was provided.

**Interrogatory No. 11** requested identification of the number and offered price of all "offers to sell," as that term is used in 35 U.S.C. § 271(a), the Accused Product for which an actual sale was not made. Bodum objected to this interrogatory as being overly broad, unduly burdensome and directed to irrelevant information and not calculated to lead to admissible evidence. No substantive response was provided.

**Interrogatory No. 13** requested the identification of all non-electric milk frothers (e.g., the type of product and its use covered by the patents in suit) made, used, sold or imported into the United States by Bodum. No substantive response was provided, but only a promise stating "[t]his information will be provided."

**Interrogatory No. 14** requested, for each non-electric milk frother product identified in No. 13, the dates when Bodum began making, offering for sale, selling, using and importing such products and when Bodum stopped offering such products for sale in the United States, and the total number and total dollar value of sales and projected sales for each product. Bodum objected to this Interrogatory for any sales data sought prior to January 2001.

**Interrogatory No. 15** requested an identification of persons most knowledgeable about the products mentioned in Interrogatory 13. Bodum objected to this Interrogatory as vague, compound, overly broad and unduly burdensome. No substantive response was provided.

On March 12, 2007, counsel for Meyer wrote to counsel for Bodum setting forth where, in addition to and aside from any issue over the waiver of objections, Bodum's interrogatory answers were woefully inadequate and nonresponsive. It was requested that Bodum provide the information necessary to cure those deficiencies by March 16, 2007. (See copy of March 12, 2007 correspondence from Katharine Dunn to Dave Bennett attached hereto as Exhibit E).

3

By March 16, no response on the delinquent and deficient interrogatory responses was provided by Bodum or its counsel. On March 19, Meyer's counsel talked with counsel for Bodum over the telephone, at which time Bodum's counsel said he would at least send a letter responding to Meyer's letter by March 21, 2007.

To date, Bodum has failed to provide Meyer with any of the information deficient from its answers to interrogatories, nor has Bodum responded to Meyer's correspondence regarding its deficiencies as counsel said he would. The present Motion is clearly necessary to obtain the requested discovery.

### III. ARGUMENT

Rule 33 of the Federal Rules of Civil Procedure specifically provides, in pertinent part:

"(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."

In addition to the fact that Bodum waived its right to object to any of the discovery requested by Meyer due to the untimeliness of its answers, Bodum's Answers to Meyer's Interrogatories are woefully deficient in substance. No substantive response was provided for the requested information addressed above in response to Interrogatory Nos. 2, 3, 8, 10, 11, 13, 14 and 15.

For Interrogatory Nos. 2, 3, and 13, the requested information was not provided, and no objection (even if waived) or other excuse was made. The requested information should be provided immediately.

4

With regard to Interrogatory No. 8, although it was stated that catalogues and other documents will be produced, the simple production of catalogues and prior art references will not identify the specific products being referred to and relied upon as allegedly supporting Bodum's charge of inequitable conduct. A specific identification, as requested, should be provided.

For Interrogatory No. 10, aside from the fact that Bodum has waived any objections due to its delinquent responses, the identification of any opinions, the dates thereof, who rendered the opinions, and to whom they were given, is not privileged. All information requested should be provided.

With regard to Interrogatory No. 11, "offers to sell" are acts of infringement under the Patent Act, 35 U.S.C. 271, just as are actual sales, and are directly relevant to the allegations of infringement and damages being sought by Meyer. All information requested for "offers for sale" should be provided immediately.

With regard to Interrogatory No. 14, and contrary to Bodum's objections, even if not waived, sales prior to 2001 are significant with regard to commercial success. The requested information should be provided.

Finally, as to Interrogatory No. 15, Bodum's objections of vagueness, even if not waived, are specious and not made in good faith – Bodum propounded the identical interrogatory to Meyer (see Bodum's Interrogatory No. 15, attached hereto as Exhibit F). The requested information should be provided immediately.

IV. **REQUEST FOR ATTORNEYS' FEES**

There is no justification for Bodum failing to timely provide the requested information addressed above, or for Meyer to need to bring the present motion in order to obtain such information. An award of attorneys fees is warranted.

5

V.  **CONCLUSION**

For the foregoing reasons, this Court should order Bodum to answer Meyer's interrogatories 2, 3, 8, 10, 11, 13, 14 and 15, within ten (10) days hereof and should award attorneys' fees to Meyer and for any other relief this Court deems just and reasonable.

Dated: March 26, 2007

Respectfully submitted,

MEYER INTELLECTUAL PROPERTIES LIMITED.; and
MEYER CORPORATION U.S.

By: /s/ Katharine Dunn
Allan J. Sternstein
Katharine N. Dunn
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606.7509
312 876 1700

Counsel for Plaintiffs

CHICAGO\2302071.1
ID\KND

6