```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION
```

Meyer Intellectual Properties           )
Limited, and Meyer Corporation,         )
U.S.,                                   )
        Plaintiffs,              )
                                        )
     v.                             )   06 C 6329
                                        )
Bodum, Inc.,                            )
                                        )
        Defendant.               )

<u>MEMORANDUM ORDER</u>

Earlier today this Court issued its memorandum opinion and order rejecting an effort by patent infringement defendant Bodum, Inc. ("Bodum") to add an affirmative defense of equitable estoppel to its defensive arsenal. During the same time period that the parties were briefing that subject, they also filed their respective submissions on the motion by plaintiffs Meyer Intellectual Properties Limited and Meyer Corporation, U.S. (collectively "Meyer," treated as a singular noun for convenience) for the recovery of attorney's fees and expenses relating to a discovery dispute on which Meyer was the prevailing party. This memorandum order deals with that subject.

Quite a number of years ago Nancy Schaefer -- the daughter of the late Walter Schaefer, the most distinguished Illinois state court jurist in the six decades since this Court entered law school, and a fine lawyer in her own right -- wrote an article on the subject now at hand for the <u>Chicago Bar Record</u>.

Although this Court has not succeeded in tracking down the article, its recollection is that the article's title was something like "Loser Pays" -- a succinct paraphrase of the provision in Fed.R.Civ.P. 37(a)(4)(A) that granting a discovery motion triggers an award to the movant of "the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds ... that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." That was the predicate on which this Court, after again having reviewed the parties' submissions regarding the dispute, entered a May 22, 2007 minute order in Meyer's favor.

Since that date Meyers' counsel has tendered two further filings, in response to which Bodum has just tendered its Memorandum in Opposition to Plaintiffs' Fee Request. This Court has reviewed those further submissions, as well as the transcripts of proceedings dated March 30 and April 13, 2007,[1] and it finds that the more extended explanation now received from Bodum's counsel calls for a modification of the May 22 order. At bottom that review confirms (1) that there were defects in

---

[1] Those transcripts regrettably contain a host of errors of various kinds, although this Court has been able -- with the aid of its direct recollection -- to reconstruct what was said during those proceedings. This footnote is inserted here only to indicate that if those transcripts are ever needed for future reference, whether in an appeal or otherwise, they will need to be vetted by this Court to eliminate the errors in transcription

2

Bodum's discovery responses that did require Meyer to pursue enforcement efforts but (2) that there is enough merit in Bodum's current explanation to justify a substantial reduction in the award from the requested sum of $5,551.50 sought by Meyer.

Although hairline precision in that respect is not attainable, this Court finds that an award of half that amount ($2,775.75) is reasonable and properly recognizes the merit of each side's position. Accordingly Bodum is ordered to pay that lesser sum to Meyer on or before August 5, 2007.

_____
Milton I. Shadur
Senior United States District Judge

July 24, 2007