IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Meyer Intellectual Properties )
Limited; and Meyer Corporation, )
U.S., )
 )
       Plaintiffs, )
 )
    v. ) 06 C 6329
 )
Bodum, Inc., )
 )
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Bodum, Inc. ("Bodum") has moved for leave to amend its Answer in this patent infringement action brought against it by Meyer Intellectual Properties Limited and Meyer Corporation, U.S. (collectively "Meyer," treated as a singular noun for convenience) by adding a new affirmative defense ("AD") of equitable estoppel. Despite the generous approach that generally applies to such motions for pleading amendments under Fed.R.Civ.P. ("Rule") 15(a) as prescribed in Foman v. Davis, 371 U.S. 178, 182 1962), the scenario presented here clearly calls for denial of Bodum's motion.

It is not simply that Bodum has proffered no justification for not having included equitable estoppel in its original Answer, a matter as to which the opinion in Castro v. CHA, 360 F.3d 721, 735 (7th Cir. 2004) spoke in terms equally applicable

to this case:[1]

> Federal Rule of Civil Procedure 8(c) requires that defendants raise all affirmative defenses that will defeat the allegations in the complaint in a responsive pleading. We have stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived. See, e.g., Perry v. Sullivan, 207 F.3d 379, 382 (7th Cir. 2000)

To be sure, Castro, id. referred to the defendant there as having given Judge Lefkow "no excuse" for its earlier omission of the AD at issue, while here Bodum asserts (Motion ¶ 5) that it was only "[a]fter pursuing further investigation, legal research and reviewing discovery responses from Meyer" that it "determined that it is necessary to plead an additional affirmative defense, namely equitable estoppel." That assertion is insupportable as

---

[1] Castro is of course not at odds with Foman, an opinion often cited and quoted by our Court of Appeals. Instead that court found the situation posed in Castro (and present here) to be controlled by the more specific command in Rule 8(c) rather than the more general language in Rule 15(a). Parenthetically, although Castro spoke of the doctrine involved there as "waiver," it is more precisely labeled "forfeiture" -- a distinction that our Court of Appeals has emphasized frequently in its recent decisions. What is particularly troubling about Bodum's just-filed Reply Memorandum, however, is its chastisement of Meyer's counsel as having "blatantly misstate[d] the law relating to amendment of pleadings" (R.Mem. 1), promptly after which it has asserted (R. Mem. 2) what the "Seventh Circuit" has done in this area, purporting to support that assertion by citations to two older District Court opinions alone (even the more recent of which antedates the Court of Appeals' opinion in Castro by eight years). We judges and lawyers are regularly reminded by the Court of Appeals -- as if any reminder is or should be necessary -- that District Court opinions (including this one, of course) have no precedential force. To quote Bodum's counsel himself, it is a "blatant misstate[ment]" to refer to two such District Court opinions as reflecting what the "Seventh Circuit" has done.

2

an excuse: In fact, (1) the information that, as Bodum would have it, turned on the light switch of its awareness was documentation in *its* *own* possession, not material that was delivered to it as part of Meyer's responses to discovery requests, and (2) no excuse can justify Bodum's failure to have conducted the necessary "investigation" and legal research before it filed its original responsive pleading, just as it did in support of its initial answers and ADs to Meyer's Complaint allegations.

More importantly, Bodum fails to establish either of the first two essential elements of equitable estoppel applicable to patent infringement cases, as definitively taught by the Federal Circuit's en banc opinion in A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1028 (Fed. Cir. 1992):

> (a) The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer. "Conduct " may include specific statements, action, inaction, or silence where there was an obligation so speak.
>
> (b) The alleged infringer relies on that conduct.

Only brief analysis is needed to demonstrate Bodum's deficiencies.

As to the first of those two elements, Bodum points only to the September 12, 1996 letter (copy attached) that was sent by Meyer's corporate predecessor in interest to Bodum's counsel (the

same counsel who represents Bodum in the present litigation).[2] On that score Meyer first says that neither of the two patents in suit in this litigation was the subject of a pending application when the September 12, 1996 letter was written.[3] More significantly, Meyer points out that the frother referred to in the 1996 letter is not the same as the Bodum products that are charged in this action to have infringed Meyer's patents.[4] That being the case, Bodum can scarcely assert detrimental reliance on its receipt of the 1996 letter and on the fact that the letter was not followed by any effort by Meyer to enforce its patent rights.

---

[2] To revert to the first point made in this opinion, that letter was produced in the course of discovery in this action by Bodum and not by Meyer.

[3] This Court does not lean particularly on that assertion, because Patent No. 5,780,087 was filed with the Patent and Trademark Office just 11 days later, although Patent No. 5,939,122 was not applied for until February 24, 1998. Given the temporal proximity of the two September 1996 dates, it is possible that the application referred to in the September 11 date, which later ripened into the '087 patent, was in the works (but was mistakenly referred to in the letter as "pending").

[4] Bodum's R. Mem. 4 does not respond in that respect at all, instead referring to "the fact that Bodum had sold various models of its frother openly since 1996." It advances nothing to support the propositions, for example, that all of its frothers contained the same elements that are now said to infringe Meyer's patents and that Meyer had to proceed against the earlier products to protect its patent rights. Quite to the contrary, its counsel's July 22, 2007 declaration, attached as Ex. B to its current memorandum in opposition to Meyer's fee request arising out of a discovery dispute, confirms "that only two of Bodum's frothers are accused products."

4

In sum, then, Bodum's proposed AD does not qualify for equitable estoppel purposes. As stated at the outset, its motion to add that AD is denied for the reasons set out in this opinion.

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: July 24, 2007

LAW OFFICES OF
# ALVIN G. GREENWALD & RANDY GREENWALD
A PROFESSIONAL CORPORATION

6010 WILSHIRE BOULEVARD, SUITE 500

LOS ANGELES, CALIFORNIA 90036

RECEIVED SEP 1 7 1996

ALVIN G. GREENWALD
RANDY GREENWALD
CHRISTINE L. HARWELL

TELEPHONE (213) 954-1215
FAX (213) 954-1330

September 12, 1996

David E. Bennett, Esq.                            Sent by Fax
VEDDER, PRICE, KAUFMAN & KAMMOLZ
222 North LaSalle Street
Chicago, Illinois 60601-1003

Re: Brady v. Bodum 95-2738 LGB (JRx)

Dear Mr. Bennett:

Our client is marketing a product for frothing milk. An application is pending seeking patent protection for the device in the United States. The product is a frother for coffee and cappuccino, etc. named "Caffe Froth." You will note that plaintiff's response to Bodum's interrogatory number 17 reference the product.

At a gourmet show in San Francisco, when our client displayed the product, your client's officials took great interest in the frother such that your client's people had to be asked to leave the Brady Marketing booth as they had invaded it. Then, at the Frankfurt Gift Fair two weeks ago, Bodum displayed and demonstrated its knock off frother. We send you a copy of your client's catalog sheet depicting the potentially infringing frother at #1446.

Our client has been informed that Bodum attempted to sell a "knock off" of Caffe Froth to Williams Sonoma and other Brady customers and that Bodum may be planning to import the Bodum knock-off frother to the United States in early 1997.

Please be advised that once any patent(s) issue on the frothing device, these patents will be vigorously enforced against any infringing products. In view of the pendency of patents on a device so similar to your client's "No. 1446" device, your client might want to reconsider any decision to invest in importing that device into the United States.

Sincerely,
ALVIN G. GREENWALD & RANDY GREENWALD
A Professional Corporation

*Christine Harwell*
Christine L. Harwell
encl.
cc: Steven B. Katz, Esq.
    SEYFARTH, SHAW, FAIRWEATHER & GERALDSON
    2029 Century Park East, Suite 3300
    Los Angeles, California 90067-3063
Brady Marketing Co., c/o Frank Brady

B0076

**EXHIBIT C**