IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

MEYER INTELLECTUAL PROPERTIES    )
LIMITED, et al.,                 )
                                 )
               Plaintiffs,       )
                                 )
     v.                          )    No.  06 C 6329
                                 )
BODUM, INC.,                     )
                                 )
               Defendant.        )

## MEMORANDUM OPINION AND ORDER

Meyer Intellectual Properties Limited and Meyer Corporation, U.S. (collectively "Meyer," treated after this sentence as a singular noun to avoid awkward verb usage) claim that Bodum, Inc. ("Bodum") "infringed, induced and/or contributed to the infringement" of two of its United States patents: Numbers 5,780,087 ("Patent '087," entitled "Apparatus and Method for Frothing Liquids") and 5,939,122 ("Patent '122," entitled "Method for Frothing Liquids")(collectively "Meyer Patents")(see the Complaint's Request for Relief ¶B). Meyer has now moved for summary judgment under Fed. R. Civ. P. ("Rule") 56 on the issue of Bodum's liability for patent infringement.[1] For the reasons stated in this memorandum opinion and order, this Court grants that motion.

---

[1] Meyer's motion for partial summary judgment is entitled "Plaintiffs [sic] Partial Motion for Summary Judgment on the Issue of Liability for Patent Infringement of Certain Milk Frother Designs." Its supporting memorandum is cited "M. Mem.," Bodum's response is cited "B. Mem." and Meyer's final reply memorandum is cited "M. R. Mem."

Summary Judgment Standards

Every Rule 56 movant bears the burden of establishing the absence of any genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). For that purpose courts consider evidentiary records in the light most favorable to the nonmovants and draw all reasonable inferences in their favor (Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir. 2002)). But to avoid summary judgment a nonmovant "must produce more than a scintilla of evidence to support his position" that a genuine issue of material fact exists (Pugh v. City of Attica, 259 F.3d 619, 625 (7th Cir. 2001)) and "must set forth specific facts that demonstrate a genuine issue of triable fact" (id.). Ultimately summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). What follows is a summary of the facts viewed of course in the light most favorable to nonmovant Bodum--but within the limitations created by the extent of its compliance (or noncompliance) with the strictures of LR 56.1.[2]

---

[2] Citations to Meyer's LR 56.1 statement of facts will be cited as "M. St. ¶--," with Bodum's responsive statement cited "B. St. ¶--" and its statement of additional facts cited "B. Add. St. ¶--." It is worth noting (if only parenthetically) that Bodum's counsel has impermissibly injected a few Rule 8(b)(5) disclaimers into its LR 56.1 response, where such disclaimers play no proper role at all.

2

## Background

Patent '087 was issued July 14, 1998 (M. St. ¶5), and Patent '122 was issued August 17, 1999 (M. St. ¶6). Meyer filed its Complaint here in November 2006, alleging that Bodum "has been and still is using, selling, offering for sale and/or importing one or more milk frother products" that "infringe, directly indirectly, contributorily and/or by inducement" the Meyer Patents (Complaint ¶¶8, 12). Bodum admits that it obtained notice of the Meyer Patents through the filing of the Complaint (B. St. ¶25) and that it continued to use, sell, offer for sale and/or import the three types of milk frothers--designated as the Shin Bistro, Aerius and Chambord--for some period of time thereafter (B. St. ¶11). Bodum does not, however, believe that its sale of those frothers constituted infringement of the Meyer Patents because it considers the Meyer Patents invalid (B. Add. St. ¶¶1, 2).

## Scope of the Motion

Meyer confines its motion for partial summary judgment to the issue of Bodum's liability for infringement of the Meyer Patents (M. Mem. 1-2). In so doing Meyer argues that Bodum both directly infringed the Meyer Patents (M. Mem. 8-9) and induced others to do so (M. Mem. 9).

Bodum responds with a narrower characterization (B. Mem. 1 n.1):

3

> The only issue before the Court is whether Bodum induced
> infringement under 35 U.S.C. §271(b) through the sale of
> certain frother products sold by Bodum as of the date of the
> complaint.

And to support that position, Bodum cites what it calls the first footnote in Meyer's motion (id.). But in fact Meyer's short motion has no footnotes. No doubt Bodum meant to cite the first footnote in Meyer's <u>Memorandum</u> (M. Mem. 1 n.1):

> After initiation of this litigation, Bodum changed the
> design of its milk frother products. The present motion
> establishes infringement over the products originally
> accused of infringement. The redesigned products will be
> treated in a separate motion.

Just how Bodum manages to read that statement as identifying the only issue to be resolved as whether Bodum is liable for <u>inducement</u> is hard to understand. Meyer's motion and supporting memorandum quite clearly address not only whether Bodum is liable for inducing others to infringe the Meyer Patents but also whether Bodum itself directly infringed those patents.

So Bodum's citation to the Meyer footnote as somehow constricting the scope of the motion solely to inducement is simply wrong. Instead the footnote says that Meyer has limited its current motion to the question whether Bodum is liable for infringement of the products "originally accused of infringement," as contrasted with Bodum products that were redesigned after this action was brought.

Moreover, the issue of infringement is necessarily encompassed within the issue of inducement to infringe. Yet

Bodum's own flawed characterization of Meyer's motion has led it to speak only to the issue of whether Bodum induced third parties to infringe the Meyer Patents. Thus Bodum's entire defense against the current motion essentially comes down to three arguments: (1) that Meyer failed to provide sufficient evidence of inducement, (2) that Bodum could not induce infringement because the Meyer Patents are invalid and (3) that Bodum could not induce infringement because no third party could perform all the steps in the patented claims. Bodum raises no defense to the argument that its products directly infringed the Meyer Patents.

If a party does not respond to an argument in the opposing party's brief, that issue is forfeited (<u>Palmer v. Marion County</u>, 327 F.3d 588, 597-98 (7th Cir. 2003) and cases cited there; see also <u>United States v. Jacques</u>, 345 F.3d 960, 962 (7th Cir. 2003) for the difference between waiver and forfeiture generally). By having raised a straw man as to a nonexistent limitation on the scope of Meyer's motion and by thus having failed to assert any defense as to direct infringement, Bodum has effectively conceded that if the Meyer Patents are shown to be valid, infringement indeed occurred. Whether the Meyer Patents are valid is a question for another day, but Bodum will not be heard to argue that its products did not infringe on the Meyer Patents if they are later held to be valid.

5

Application of the Standards

Turning to the question whether Bodum is liable for inducing infringement of the Meyer Patents, this Court first addresses Bodum's argument that Meyer failed to put forth evidence demonstrating the required level of intent to cause and encourage the acts constituting the alleged infringement. Under 35 U.S.C. §271(b)[3] "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To establish liability for inducement under Section 271(b), "a patent holder must prove that once the defendants knew of the patent, they actively and <u>knowingly</u> aided and abetted another's direct infringement" (<u>DSU Med. Corp. v. JMS Co.</u>, 471 F.3d 1293, 1305 (Fed. Cir. 2006)(en banc)(emphasis in original, internal quotation marks and brackets omitted)). <u>DSU</u>, <u>id</u>. (internal quotation marks again omitted) establishes that "knowledge of the acts alleged to constitute infringement is not enough" to establish liability under Section 271(b). Instead, <u>id</u>. (ellipses and internal quotation marks omitted):

> Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use.

---

[3] All further citations to Title 35's provisions will take the form "Section --," omitting the prefatory "35 U.S.C."

Here, although Bodum claims the contrary, Meyer supplied ample evidence of active steps taken by Bodum to encourage direct infringement of the Meyer Patents. Bodum admitted gaining knowledge of the Meyer Patents as a result of this lawsuit (B. St. ¶25; Perez declaration ¶7) and further admitted that it continued selling its milk frothers thereafter (B. St. ¶26). Bodum also admitted the construction of its milk frothers at issue and the instructions that it provided for their use and operation (B. St. ¶¶14-24). For its part Meyer provided a chart to support its infringement argument that shows an element-by-element comparison of the Meyer Patents and the Bodum frothers and their instructions (M. R. Mem. Ex. A).

In the face of that evidence, Bodum's contention that Meyer falls short of the evidentiary requirements established by DSU is wholly unpersuasive. In fact, in advancing that contention Bodum admits that Meyer's allegations focus on the instructions that Bodum provides to purchasers of its milk frothers (B. Mem. 10). Under DSU such instructions are precisely the sort of evidence that can establish inducement to infringe. Bodum has failed to recognize and, importantly, to address the evidence that Meyer presented to support its claim. Rather than meeting the element-by-element comparison of the Meyer Patents with Bodum's products and instructions, Bodum merely concludes erroneously that Meyer failed to meet the DSU standard of proof.

7

Next this opinion takes a brief look at Bodum's argument that its purported good faith belief in the invalidity of the Meyer Patents prevents Meyer from demonstrating a prima facie case of inducement and negates any Bodum liability (B. Mem. 10). Bodum cites cases in which courts are said to have excused defendants charged with inducement where those defendants had a good faith belief in the invalidity of the patents at issue (B. Mem. 11). While not all of the cases cited by Bodum would necessarily support excusing Bodum here, some cases might indeed support a defense that a good faith belief in the invalidity of a patent precludes a finding of inducing infringement (see, e.g., DSU, 471 F.3d at 1307; see also VNUS Med. Techs., Inc. v. Diomed Holdings, Inc., No. C-05-2972MMC, 2007 WL 2900532, at *1 (N.D. Cal. Oct. 2)).[4]

That issue need not be resolved here, however, because it is wholly academic: Bodum has failed to provide proper support for its contention that it had such a good faith belief. Under Rule 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in

---

[4] In addition to its argument that a good faith defense is not a valid defense to patent infringement, Meyer also asserts that even were the defense valid, it would constitute an affirmative defense that Bodum had long since waived (B. Mem. 10). That added assertion is rendered moot by Bodum's substantive failure discussed next in the text of this opinion.

8

this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Relatedly, Rule 56(e)(1) requires of the opposing party that any affidavit on which it seeks to rely:

must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.

In that respect Bodum has tendered a declaration (cited "Decl.") by its current president, Thomas Perez ("Perez")(B. St. App'x 1).[5] But that declaration fails to satisfy the Rule 56(e) requirements, so that it cannot be used to support Bodum's contention that it had a good faith belief in the invalidity of the Meyer Patents and it therefore cannot be liable for inducement to infringe.

Decl. ¶10 states that "[s]hortly after learning of [this] Lawsuit, Bodum USA, Inc. formed a good faith belief that each of the claims in the Asserted Patents are invalid," and Perez then lists various bases for that belief (including what is characterized as a "Prior Art Patent," certain information about the prosecution history of the Meyer Patents, previous Bodum products and known uses of those products). Those grounds are

---

[5] 28 U.S.C.A. §1746 permits, in lieu of a sworn affidavit, an unsworn declaration that is dated and signed by the declarant "under penalty of perjury under the laws of the United States of America" and that states the subject matter is "true and correct." Perez's declaration satisfies those requirements.

then described in some detail, and related exhibits are attached to the declaration (Decl. ¶¶11-23).

Of course corporations can speak, act and have knowledge only through their human agents (see <u>United States v. LaGrou Distrib. Sys., Inc.</u>, 466 F.3d 585, 591 (7th Cir. 2006)). While "corporate officers are presumed to have personal knowledge of the acts of their corporation," such knowledge is only presumed and may be overcome based on the factual circumstances (see 11 <u>Moore's Federal Practice</u> §56.14[1][c] at 56-183 (3d ed. 2008)). Thus, while the personal knowledge required for affidavits (and properly drafted declarations) may "flow logically from the context of the affidavit" or declaration (<u>id</u>.), especially where the affiant or declarant is a corporate officer, the personal knowledge requirement is not met automatically simply because the affiant or declarant is such an officer.

In the analysis of whether corporate officer Perez has the requisite personal knowledge to speak on Bodum's behalf, an important consideration is whether he was employed in a position where he can be presumed to have gained personal knowledge of the relevant facts during the relevant times (see, e.g., Aylward v. Hyatt Corp., No. 03 C 6097, 2004 WL 1910904, at *7-8 (N.D. Ill. Aug. 5)). That is, as a declarant of Bodum's belief--specifically its purported good faith belief in the invalidity of the Meyer Patents--was Perez in a position to have gained

10

personal knowledge of the events that assertedly gave rise to that belief at the time when that claimed belief was formed?

Perez states that he has "held the position of President of Bodum USA, Inc. since January 1, 2008" and that he "began the transition" into that position in "approximately September 2007" (Decl. ¶¶1, 2). Perez further declares that during that period he met regularly with his presidential predecessor Nils Lindblad ("Lindblad") and Bodum's owner and CEO Jorgen Bodum regarding "aspects of this litigation" (Decl. ¶3). Perez then attests that he has "personal knowledge" of the facts set forth in his declaration "based at least in part on [his] communications with Nils G. Lindblad and Jorgen Bodum" (Decl. ¶4).

But it is not enough that a corporate president as declarant received information from others. That is inadmissible hearsay, not "personal knowledge" (see Cherry Commc'ns, Inc. v. Coastal Tel. Co., 906 F.Supp 452, 454-55 (N.D. Ill. 1995)). To defeat a motion for summary judgment, evidence showing the existence of a genuine issue of material fact cannot be based on such hearsay. Instead only evidence that is admissible at trial may be relied on for summary judgment purposes (see, e.g., <u>Haywood v. Lucent Techs., Inc.</u>, 323 F.3d 524, 533 (7th Cir. 2003)). Yet only inadmissible hearsay forms the purported predicate for Perez's declaration.

It should be remembered that Bodum assertedly formed a good

faith belief in the invalidity of the Meyer Patents "[s]hortly after" it learned of this lawsuit (Decl. ¶10). Meyer filed its Complaint here on November 20, 2006, and Bodum's attorneys filed their appearances starting December 19, 2006. But Perez admits that he did not become Bodum's President until January 1, 2008, and even if account is taken of his "transition period" into that position, that transition did not begin until about September 2007.

By that time this lawsuit had progressed significantly. In fact, by September 2007 Bodum had sought to file its Amended Answer, including counterclaims seeking declaratory judgment as to Bodum's asserted non-infringement of the Meyer Patents and, importantly, the invalidity of those patents. So even if Bodum has (as it claims) a good faith belief in the invalidity of the Meyer Patents, that belief surely took form well before Perez began his transition. In short, Perez simply could not possess the requisite personal knowledge essential to its being considered on the current motion.

Indeed, if any such belief actually exists, it would have to have been derived from facts known to Lindblad and Jorgen Bodum--the sources of information assertedly relayed to Perez. Yet neither of them has filed an affidavit or declaration. Nor may they at this point. As this Court said in <u>Orthodontic Ctrs. of Ill., Inc. v. Michaels</u>, 407 F.Supp.2d 934, 936 (N.D. Ill.

12

2005):

> As to the notion that litigants who seek judicial relief are not entitled to hold back in the hope that if they fail in the first instance they may fall back on arguments that could have been advanced the first time around, our Court of Appeals has said in <u>Caisse Nationale de Credit Agricole v. CBI Indus., Inc.</u>, 90 F.3d 1264, 1270 (7th Cir. 1996)(quoting the opinion of this Court in <u>Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, Inc.</u>, 846 F.Supp. 677, 685 (N.D. Ill. 1994)):
>
>> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it."
>
> And that quoted language from <u>Employers Ins.</u> continued by saying (<u>id</u>.):
>
>> [I]t could not hold back and then, if unsuccessful, point to other grounds that it should have advanced but did not.

Hence Bodum's reliance on Perez's declaration cannot be credited, and Bodum will not be heard to say that it should be given a second-chance opportunity to allow Lindblad or Jorgen Bodum to speak to Bodum's beliefs through affidavits or declarations.

True enough, Perez says that his personal knowledge was based only "in part" on his communications with Lindblad and Jorgen Bodum. But nothing else in his declaration provides any alternative basis for finding that he had personal knowledge of the events that took place "shortly after" Bodum learned of this lawsuit. And while numerous documents attached to the declaration purportedly provided support for Bodum's claimed belief, Perez also cannot claim personal knowledge of Bodum's use

13

of those documents to form that belief.

In short, Perez's declaration provides no valid foundation for Bodum's assertion of a good faith belief defense. And without the benefit of the declaration, Bodum has supplied no basis for raising that defense. This Court therefore holds that Bodum is liable for inducement to infringe the Meyer Patents--if, of course, those patents are valid.

In a final attempt to counter Meyer's motion for partial summary judgment, Bodum contends that it cannot be liable for inducement of a third party's infringement of the Meyer Patents because "no one party can directly infringe any of the independent method claims" (B. Mem. 13). To that end Bodum argues that "[o]nly Bodum performs the first step of...<u>providing</u> a container or housing associated with its Accused Products. The remaining steps are each performed only by Bodum's customers" (<u>id</u>. (emphasis added)).

As <u>DSW, Inc. v. Shoe Pavilion, Inc.</u>, 537 F.3d 1342, 1346 (Fed. Cir. 2008) states, "[i]nfringement occurs when a properly construed claim of an issued patent covers an accused device" or, as here, an accused method. Furthermore, "[t]o show infringement, the plaintiff must establish that the accused device [or method] includes every limitation of the claim or an equivalent of each limitation" (<u>Dolly, Inc. v. Spalding & Evenflo Cos.</u>, 16 F.3d 394, 397 (Fed. Cir. 1994)). According to Bodum,

14

Meyer cannot possibly show that a third party infringed on the Meyer Patents because no third party can perform every limitation of the Meyer Patent claims. Therefore, according to Bodum, Meyer cannot establish liability for inducement.

Bodum's argument in that respect seeks to center around the claim term "providing." Here is Claim 1 of Patent '087:

> A method for aerating a liquid comprising the steps of: [A] providing a container characterized by a height and a diameter, the height being at least two times the diameter....

Similarly, Claim 7 of Patent '122 contemplates a first step of "providing a container." Bodum Mem. 14 cites to this dictionary definition of the word "provide" to construe those claims (American Heritage College Dictionary 1102 (3d ed. 2000)):

> 1. To furnish; supply. 2. To make available; afford. 3. To set down as a stipulation. 4. Archaic. To make ready ahead of time; prepare.

As Bodum would have it, under the patent claims the container's "provider" is not the end user but rather Bodum itself through its sale of milk frothers. Because the end user assertedly cannot "provide" the container as called for by the claims, Bodum contends that it cannot induce any end user to infringe the Meyer Patents.

Even under the dictionary definition that Bodum invokes, however, Bodum's argument is only another straw man--it impermissibly distorts the fundamental concept of patent infringement. It is black-letter law that infringement comprises

15

any one or more of a number of actions--under Section 271(a) it encompasses "whoever without authority makes, uses, offers to sell, or sells any patented invention...."  When any end user "uses" a Bodum milk frother--a container--that has been "provided" by Bodum, and in doing so follows Bodum's instructions detailing the steps to be taken in such use of the frother (see <u>Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.</u>, 545 U.S. 913, 936 (2005)), it thus directly infringes the Meyer Patents. And under <u>Grokster</u>, <u>id</u>. that infringement by the end user has surely been induced by Bodum.

Conclusion

Bodum has failed to identify a genuine issue of material fact to preclude this Court from granting summary judgment for Meyer on the issue of inducement to infringe.  Moreover, for the reason stated in the <u>Scope of the Motion</u> section of this opinion, summary judgment must be and is also granted in Meyer's favor on the issue of Bodum's own direct infringement.  If the Meyer Patents are hereafter found to be valid, Bodum cannot argue that it is not liable (1) for inducement to infringe, or (2) for its own infringement of, those Meyer Patents.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 11, 2009