IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEYER INTELLECTUAL PROPERTIES )
LIMITED, et al., )
 )
              Plaintiffs, )
 )
  v. ) No. 06 C 6329
 )
BODUM, INC., )
 )
             Defendant. )

MEMORANDUM OPINION AND ORDER

Among the several motions in limine advanced by both sides in this patent litigation is Dkt. No. 160, a motion filed by plaintiffs Meyer Intellectual Properties Limited and Meyer Corporation, U.S. ("Meyer," treated hereafter as a singular noun) to bar certain testimony by Robert John Anders ("Anders"),[1] who has been designated by defendant Bodum, Inc. ("Bodum") as its opinion witness. Meyer's target is the portion of Anders' opinion that has denigrated Meyer's patents in suit as assertedly flunking the obviousness test prescribed by 35 U.S.C. §103 ("Section 103").

This memorandum opinion and order deals with that motion in advance of the parties' other motions in limine, because just last week Meyer sought and was granted leave to file a brief three-plus page reply memorandum--and, unwilling to let matters

---

[1] This Court will resist any temptation to draw some arguable parallel between what is at issue here and the familiar "Anders brief" that plays a significant role in criminal jurisprudence.

drop there, Bodum's counsel responded to that request that they would not object to the filing, but only if they could file a surreply. This opinion will both rule on the motion and, by doing so, will show why no surreply will be authorized.

There is no need to rehash the basics that govern opinion testimony under Fed. R. Evid. ("Evid. Rule") 702, as to which Fed. R. Civ. P. ("Rule") 26(a)(2)(B) prescribes the content of an opinion witness' required report and Rule 26(b)(2)(C) dictates the timing for delivery of the report. One element that should be added to that mix is that a litigant in receipt of such an opinion witness' report is entitled to rely on its contents without any need to depose the witness--indeed, this Court regularly refers litigants appearing before it to the thoughtful article by Gregory Joseph, <u>Expert Approaches</u>, 28 Litigation No. 4 at 20 (2002), which counsels that it is often better not to depose rather than to depose an opinion witness.[2]

Anders was Bodum's all-purpose "expert":[3] Part B of his

---

[2] Greg Joseph and this Court served together on the Advisory Committee on the Rules of Evidence ("Advisory Committee") for a number of years after then Chief Justice Rehnquist first reconstituted that committee following two decades when it was out of existence. Greg's excellent article cited in the text was published (1) after he had completed his term as Chairman of the ABA Section of Litigation and (2) during this Court's tenure as Chairman of the Advisory Committee, and this Court would recommend reading the article to any active litigator in the federal courts.

[3] "Expert" is placed in quotation marks here because, although the word has been retained in Evid. Rule 702 and continues to appear in the earlier-cited civil procedure rules,

2

report set out and explained his opinion that Meyer's claimed inventor, Frank Brady, had engaged in inequitable conduct in obtaining the patents in suit, while Part C of the report opined on the invalidity of both patents in suit on grounds of obviousness. Meyer's motion in limine has been based on that latter opinion's asserted failure to meet the standards of Rule 26(a)(2)(B)(i) and Section 103(a) because it is purely conclusory in nature and lacks the essential fleshing out to support Anders' conclusion.

On that score Bodum cites to the Federal Circuit's recent opinion in Comaper Corp. v. Antec, Inc., 596 F.3d 1343 (Fed. Cir. 2010). Here is relevant language from Comaper, id. at 1351-52:

> Determining obviousness requires considering whether two or more pieces of prior art could be combined, or a single piece of prior art could be modified, to produce the claimed invention. This analysis typically invokes the familiar teaching-suggestion-motivation ("TSM") test, asking whether a person having ordinary skill in the art would have found some teaching, suggestion, or motivation to combine or modify the prior art references. Pfizer, Inc. v. Apotex, Inc., 480 F.3d 1348, 1362 (Fed. Cir. 2007); see also Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 520 F.3d 1358, 1364-65 (Fed. Cir. 2008)(noting that the TSM test, flexibly applied, remains an important tool in an

---

this Court never permits it to be used during the course of a trial. This Court pleads guilty to having chaired the subcommittee of the Advisory Committee that was assigned to redraft Evid. Rules 701, 702 and 703 and to having worked with Professor Daniel Capra as the principal drafters of those Rules and the accompanying Committee Comments. One of this Court's contributions to that task was to include in the Evid. Rule 702 comment a citation to and quotations from the F.R.D. piece by the late Judge Charles Richey that explained why use of the term "expert" is ill-advised, particularly in jury cases.

3

obviousness analysis). The Supreme Court in <u>KSR International Co. v. Teleflex, Inc.</u> emphasized that "[c]ommon sense teaches...that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." 550 U.S. 398, 420, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). Thus,

> [w]hen there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense. In that instance the fact that a combination was obvious to try might show that it was obvious under [35 U.S.C.] §103.

<u>Id</u>. at 421, 127 S.Ct. 1727.

That reliance by Bodum is puzzling, for the Anders report really does nothing more than (1) to identify some asserted prior art, (2) to state that a designer having ordinary skill in the art would have been familiar with it and then, without saying why, (3) to incant Anders' "obviousness" conclusion.

For its part Meyer points to such authorities as the detailed discussion in <u>Salgado by Salgado v. Gen. Motors Corp.</u>, 150 F.3d 735, 742 n.6 (7th Cir. 1998). There, despite its inclusion as a footnote, Judge Ripple has provided a thoughtful and comprehensive description of what an "expert" opinion must contain to be acceptable.[4] And in Federal Circuit terms, Meyer

---

[4] Although this opinion will not reproduce that excellent treatment, it should be read in full--and it should be taken to heart, as this Court does.

4

points to Innogenetics, N.V. v. Abbott Labs., 512 F.3d 1363, 1373 (Fed. Cir. 2008)(which might well have been written for this case) as paralleling what Anders has done--or, more accurately, has not done--here. Just as the report in Innogenetics was found deficient, Anders' must be as well. It will not do for a person to be proffered as an "expert" and then to advance his opinion as a mere ipse dixit: "Trust me--I know obviousness when I see it, and this is it."

Little wonder, then, that Meyer's reply challenges Anders' recital as noncompliant with the Rule 26(a)(2)(B)(i) requirement that an opinion witness' report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" (emphasis added). Meyer's reply memorandum properly faults Bodum's effort, given the silence of Anders' obviousness opinion in that respect, to draw input from his other opinion on inequitable conduct, which was neither incorporated by reference nor mentioned at all in the obviousness opinion. Both the language and the structure of the operative rules call for opinion witnesses' reports to be self-contained.

As confirmed in the Joseph article, Meyer is entirely justified in requiring that the obviousness opinion be self-contained.[5] Accordingly Meyer's motion in limine is granted.

---

[5] From another but related perspective, an opinion that the mere existence of (say) two constituent embodiments of prior art automatically and obviously suggests their combination without involving any element of real inventiveness--a sort of "as any

5

Anders' opinion as to obviousness is excluded from the case, and he will not be permitted to testify on that subject.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 3, 2010

---

fool can plainly see" phenomenon--indicates that the claimed expertise of the opinion witness has contributed nothing at all by way of analysis. After all, if that were the case, a lay juror could readily reach the same conclusion without outside help.

6