IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEYER INTELLECTUAL PROPERTIES )
LIMITED, et al.,              )
                              )
            Plaintiffs,       )
                              )
    v.                        )    No. 06 C 6329
                              )
BODUM, INC.,                  )
                              )
            Defendant.        )

MEMORANDUM OPINION AND ORDER

This Court's June 3 memorandum opinion and order ("Obviousness Opinion") resolved one of the four motions in limine that had been tendered by Meyer Intellectual Properties Limited and Meyer Corporation, U.S. ("Meyer," treated hereafter as a singular noun) after entry of the final pretrial order ("FPTO") looking to the trial of this action.[1] This opinion will address Meyer's other three motions:

    1. its Motion in Limine To Bar Certain Exhibits as Purported "Prior Art" (Dkt. 162);

    2. its Motion in Limine To Bar Bodum's Evidence of Inequitable Conduct (Dkt. 164); and

    3. its Motion in Limine To Bar Certain Undisclosed and Inadmissible Prior Art in Support of Bodum's Claim of Invalidity (Dkt. 166).

---

[1] Familiarity with the Obviousness Opinion will be assumed here. Any aspects of the analysis there that also bear on issues posed by the motions addressed here will simply be referred to rather than repeated.

Those motions will be dealt with here, not in numerical order, but rather in what appears to be a more logical sequence--Dkt. 166 first, then Dkt. 162, and finally Dkt. 164.

## Dkt. 166

In response to Meyer's opening discovery request in its Interrog. Nos. 2 and 3, which sought the identification of "all prior art that Defendant contends render the claim invalid," Bodum identified a not particularly extensive group of items. Although Fed. R. Civ. P. ("Rule") 26(e) requires ongoing supplementation of any discovery responses, Bodum never expanded that original listing. Because Rule 37(c)(1) precludes the use at trial of any nonsupplemented items (with limited exceptions not applicable here), Bodum's initial response has set the outer boundaries of the potential "prior art" universe.

That then excludes from the case the large laundry list of other documents that Bodum has included in its designation of proposed exhibits in the FPTO. Moreover, the report of Bodum's designated opinion witness Robert John Anders ("Anders") that deals with the asserted invalidity of the patents in suit is grounded on just two of the originally identified items, so that the permissible borders have shrunk to that pair of items.

It simply will not do for Bodum to attempt to explode that narrow category by listing a huge number of proposed exhibits in the FPTO (see the five-page itemization in Ex. A to Dkt. 166, an

2

itemization that has been annexed to this opinion). It must be remembered that there is a good reason for insisting on the formalism required by the rules and the caselaw: In this era of wide-ranging discovery, the very nature of that process is that deposition questions can permissibly cut a broad factual swath, and other discovery measures may be similarly expansive. All of that enables the inquiring party to filter out the matters on which it then chooses to rely, just as panning extensive quantities of silt is employed to locate and separate out the gold dust or gold nuggets that represent the real value for the prospector.

Just so with the Anders report. Its Part A.III identified 56 items (designated as 15.1 through 15.56) as matters that Anders <u>reviewed</u> en route to his arrival at the opinions that he then sets out in Parts B and C--just as he says in Part A.III that his opinions are also "based upon my knowledge, background, and experience." But after Anders thus stated his asserted qualifications to render any opinion (his document review plus his personal background), his ensuing opinions themselves focused solely on just two of those many items as the actual predicates for his stated conclusions.

With Bodum's "expert" witness Anders having thus defined the relevant prior art universe in precise and limited terms, it is not the province of Bodum's lawyers to expand the scope of that

3

universe. Meyer's Dkt. 166 is granted.

## Dkt. 162

Not content with having properly confined the "prior art" boundaries to the narrow scope selected by Anders himself, Meyer seeks to attack even those two items as not having been established as prior art. Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1576 (Fed. Cir. 1996) defines Bodum's burden in that respect:

> By challenging the validity of the '155 patent, Bard bore the burden of persuasion by clear and convincing evidence on all issues relating to the status of the Cook catalog as prior art.

Regrettably the parties have not met head on in addressing that subject. Meyer points to language in 35 U.S.C. §§102 and 103 as limiting the potential candidates for "prior art" treatment to items "known or used by others in this country" or "in public use or on sale in this country." In response Bodum does not appear to make clear (1) whether it accepts those limitations but says that they have been met or (2) whether it challenges Meyer's "this country" position as unduly narrow.

In addition, Meyer has complained of a lack of specificity in Anders' identification of the claimed prior art, and although Bodum has spoken to that subject this Court again finds the parties are operating at cross-purposes that call for added explanation. As before, their submissions leave something to be desired in identifying the issue.

4

In sum, it appears to this Court that the parties resemble ships that pass in the night, so that further input is needed to resolve the Dkt. 162 Meyer motion. Hence Dkt. 162 is denied for the present, but without prejudice. This Court looks to the litigants to suggest appropriate proposed means for resolution of this subject.

## Dkt. 164

Meyer's remaining motion in limine (Dkt. 164) challenges the admissibility of Anders' opinion that claimed inventor Frank Brady ("Brady") was guilty of inequitable conduct in obtaining the patents in suit. For that purpose <u>Exergen Corp. v. Wal-Mart Stores, Inc.</u>, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009)(citations omitted) has reiterated the elements of such a charge in these terms:

> The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information, and (2) the individual did so with a specific intent to deceive the PTO.

<u>Exergen</u>, <u>id</u>. at 1327 n.4 further refined the necessary showing as one that "allege[s] facts that give rise to a strong inference of fraudulent intent"--and Bodum's burden is rounded out by the need to do so through "clear and convincing evidence" (<u>Cargill, Inc. v. Canbra Foods, Ltd.</u>, 476 F.3d 1359, 1363 (Fed. Cir. 2007)) or, phrased a bit differently, "clear and convincing proof" (<u>Molins</u>

5

PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995)).

In this instance Anders' Report Part B focuses on (1) the November 1994 filing by an inventor Ghidini for an Italian patent for the "Fabrosk" milk frother, followed up by a November 1995 filing for a United States patent on that subject, and (2) Bodum's February 1996 exhibition of a Bodum milk frother at a Frankfurt, Germany show, both of which items antedated Brady's application for the patents in suit. But unsurprisingly in light of the foreign venues of both those matters, Brady testified at his deposition that he learned of the Fabrosk frother only two years after he introduced his own frother in 1996 (Brady Dep. 73:15-73:23) and that he was unaware of the Bodum development until the fall of 1996, after the priority date of the patents in suit (Brady Dep. 112:2-112:5).[2]

Anders' Report Part B ¶38 attempts to tar Brady with the brush of unclean hands because of his failure to inform the Patent Office of a preexisting Bodum apparatus--the so-called French Coffee Press. There is some degree of irony in that contention, given Bodum's earlier emphasis (for a different purpose) on the fact that the patents in suit are method patents,

---

[2] Bodum contemplates the introduction of Brady's testimony only through that deposition, with no added evidence available as to his purported knowledge of assertedly withheld material prior art.

6

rather than patents on the apparatus embodying the method.[3]  But that aside, Anders (and hence Bodum) have taken somewhat of a quantum leap in urging the materiality of using a device to brew a cup of coffee as a means of frothing milk without the use of a complicated steamer or electric device.  Meyer has put the matter well in its supporting Mem. 6 (Dkt. 168):

> As the Federal Circuit explained in Exergen, "[A reference's] various teachings may be relevant to different applications for different reasons.  Thus, one cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material information contained in that reference." Id.  The same is true here.  Simply because Brady was aware of the French coffee presses does not mean Brady knew that such French coffee presses had information material to the '087 and '122 patents, which served an entirely different purpose than the French coffee presses.  In fact, Brady had never seen or heard of anyone using a French press coffee maker to froth milk prior to designing his frothers.  (Exhibit E, Brady Dep., 47-48)  Thus, there is no reasonable inference that Brady knew of any material information relating to the prior art of the Bodum coffee French press.  Id.

In summary, this Court rejects the Anders-Bodum inequitable-conduct charge as having failed to meet the demanding requirements set out at the beginning of this section.  And as Molins PLC, 48 F.3d at 1178 teaches:

> The ultimate determination of inequitable conduct is committed to the trial judge's discretion and is reviewed by this court under an abuse of discretion standard.

---

[3]  Indeed, Bodum has renewed that earlier emphasis in one of its own motions in limine, which this Court will address in a later opinion.

7

Hence Meyer's Dkt. 164 motion is granted.

## Conclusion

Meyer's motions in limine set out in Dkts. 164 and 166 are granted, while its Dkt. 162 motion (with its accompanying Dkt. 163 supporting memorandum) is denied without prejudice. In addition to that last item, Bodum's motions in limine remain for resolution in future opinions.

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: June 7, 2010

# EXHIBIT A

**Defendant's Exhibits that Should Be Excluded For Failure to Disclose as Prior Art In Support of Opinion on Prior Art**

| Δ's Ex. No. | Description | Objections | Bates Number(s) | Source |
|---|---|---|---|---|
| 77 | Web page from Allmoder.com website of Blomus-Cino Milk Frother | Failure to disclose as prior art; Lack of Foundation; Hearsay | | Δ(SB) 1 |
| 78 | Williams-Sonoma catalog page of Frieling Milk Frother | Failure to disclose as prior art; Lack of Foundation; Hearsay | | Δ(SB) 2 |
| 79 | LaCafetiere catalog page of Tutoocrema Frother | Failure to disclose as prior art; Lack of Foundation; Hearsay | | Δ(SB) 3 |
| 80 | Sur La Table catalog page of Frabosk Milk Frother | Failure to disclose as prior art; Lack of Foundation; Hearsay | | Δ(SB) 4 |
| 101 | U.S. Patent No. 1,175,366 | Failure to disclose as prior art | | Δ(RJA) 14 |
| 102 | U.S. Patent No. 1,768,765 | Failure to disclose as prior art | | Δ(RJA) 15 |
| 103 | U.S. Patent No. 1,820,718 | Failure to disclose as prior art | | Δ(RJA) 16 |
| 104 | U.S. Patent No. 1,881,361 | Failure to disclose as prior art | | Δ(RJA) 17 |
| 105 | U.S. Patent No. 5,284,389 | Failure to disclose as prior art | | Δ(RJA) 18 |
| 112 | German Patent No. DE 4239380 A1 (German Language) | Failure to disclose as prior art | | '087 FH |
| 113 | Italian Utility Model Patent App. No. MI 94/U000771 (AKA MI 94/U 00071) (Italian Language) | Failure to disclose as prior art | | '087, '122 FH |
| 114 | U.S. Patent No. 5,478,586 | Failure to disclose as prior art | | '087, '122 FH |
| 115 | U.S. Patent No. 5,461,968 | Failure to disclose as prior art | | '087, '122 FH |
| 116 | U.S. Patent No. 5,441,752 | Failure to disclose as prior art | | '087, '122 FH |
| 117 | U.S. Patent No. 3,927,608 | Failure to disclose as prior art | | '087, '122 FH |

# Defendant's Exhibits that Should Be Excluded For Failure to Disclose as Prior Art In Support of Opinion on Prior Art

| Δ's Ex. No. | Description | Objections | Bates Number(s) | Source |
|---|---|---|---|---|
| 118 | U.S. Patent No. 3,307,474 | Failure to disclose as prior art | | '087, '122 FH |
| 119 | U.S. Patent No. 3,137,228 | Failure to disclose as prior art | | '087, '122 FH |
| 120 | U.S. Patent No. 2,935,928 | Failure to disclose as prior art | | '087, '122 FH |
| 121 | U.S. Patent No. 2,900,896 | Failure to disclose as prior art | | '087, '122 FH |
| 122 | U.S. Patent No. 2,221,486 | Failure to disclose as prior art | | '087, '122 FH |
| 123 | U.S. Patent No. 2,053,021 | Failure to disclose as prior art | | '087, '122 FH |
| 124 | U.S. Patent No. 5,498,757 | Failure to disclose as prior art | | '087, '122 FH |
| 125 | U.S. Patent No. 5,154,110 | Failure to disclose as prior art | | '087, '122 FH |
| 126 | U.S. Design Patent No. D52,019 | Failure to disclose as prior art | | '087, '122 FH |
| 127 | U.S. Design Patent No. D181,143 | Failure to disclose as prior art | | '087, '122 FH |
| 128 | U.S. Design Patent No. D228,823 | Failure to disclose as prior art | | '087, '122 FH |
| 129 | U.S. Design Patent No. D342,414 | Failure to disclose as prior art | | '087, '122 FH |
| 130 | U.S. Design Patent No. D343,763 | Failure to disclose as prior art | | '087, '122 FH |
| 131 | U.S. Design Patent No. D372,627 | Failure to disclose as prior art | | '087, '122 FH |
| 132 | Italian Utility Model Patent App. No. MI 94/U000771 (AKA MI 94/U 00071) (English Translation) | Failure to disclose as prior art | | '087, '122 FH |
| 133 | U.S. Patent No. 548,712 | Failure to disclose as prior art | | '087, '122 FH |
| 134 | U.S. Patent No. 1,637,103 | Failure to disclose as prior art | | '087, '122 FH |
| 135 | U.S. Patent No. 1,998,692 | Failure to disclose as prior art | | '087, '122 FH |
| 136 | U.S. Patent No. 2,291,708 | Failure to disclose as prior art | | '087, '122 FH |

# Defendant's Exhibits that Should Be Excluded For Failure to Disclose as Prior Art In Support of Opinion on Prior Art

| Δ's Ex. No. | Description | Objections | Bates Number(s) | Source |
|---|---|---|---|---|
| 137 | U.S. Patent No. 2,481,352 | Failure to disclose as prior art | | '087, '122 FH |
| 138 | U.S. Patent No. 2,726,071 | Failure to disclose as prior art | | '087, '122 FH |
| 139 | U.S. Patent No. 3,546,129 | Failure to disclose as prior art | | '087, '122 FH |
| 140 | U.S. Patent No. 4,010,934 | Failure to disclose as prior art | | '087, '122 FH |
| 141 | U.S. Patent No. 4,676,655 | Failure to disclose as prior art | | '087, '122 FH |
| 142 | FR Patent No. 642130 (French language) | Failure to disclose as prior art | B0290-291 | '087, '122 FH |
| 143 | U.S. Patent No. 4,737,036 | Failure to disclose as prior art | | '087, '122 FH |
| 144 | U.S. Patent No. 4,946,286 | Failure to disclose as prior art | | '087, '122 FH |
| 145 | U.S. Patent No. 4,650,583 | Failure to disclose as prior art | | '087, '122 FH |
| 146 | UK Patent No. 165229 | Failure to disclose as prior art | B0323-325 | '087, '122 FH |
| 147 | UK Patent No. 237660 | Failure to disclose as prior art | B0326-328 | '087, '122 FH |
| 148 | DE Patent No. 333081 (German language) | Failure to disclose as prior art | B0292-294 | '087, '122 FH |
| 149 | FR Patent No. 965122 (French language) | Failure to disclose as prior art | B0301-304 | '087, '122 FH |
| 150 | BEL Patent No. 384589 (Dutch language) | Failure to disclose as prior art | | '087, '122 FH |
| 151 | UK Patent No. 363543 | Failure to disclose as prior art | B0329-332 | '087, '122 FH |
| 152 | FR Patent No. 1055182 (French language) | Failure to disclose as prior art | B0305-307 | '087, '122 FH |
| 153 | UK Patent No. 395548 | Failure to disclose as prior art | B0333-336 | '087, '122 FH |
| 154 | BEL Patent No. 408126 (Dutch language) | Failure to disclose as prior art | | '087, '122 FH |
| 155 | EU Patent No. 167423 (in multiple languages with an English language version of the claims) | Failure to disclose as prior art | B0295-300 | '087 FH |

# Defendant's Exhibits that Should Be Excluded For Failure to Disclose as Prior Art In Support of Opinion on Prior Art

| Δ's Ex. No. | Description | Objections | Bates Number(s) | Source |
|---|---|---|---|---|
| 173 | U.S. Patent No. 7,213,507 | Failure to disclose as prior art | | |
| 174 | U.S. Patent No. 6,324,966 | Failure to disclose as prior art | | |
| 175 | U.S. Patent No. 5,770,074 | Failure to disclose as prior art | | |
| 176 | U.S. Patent No. 5,570,623 | Failure to disclose as prior art | | |
| 177 | U.S. Patent No. 5,809,867 | Failure to disclose as prior art | | |
| 178 | U.S. Design Patent No. D388,275 | Failure to disclose as prior art | | |
| 179 | U.S. Design Patent No. D384,540 | Failure to disclose as prior art | | |
| 180 | U.S. Design Patent No. D384,539 | Failure to disclose as prior art | | |
| 181 | U.S. Patent No. 5,635,233 | Failure to disclose as prior art | | |
| 182 | U.S. Patent No. 3,137,228 | Failure to disclose as prior art | | |
| 183 | File History for U.S Patent No. 5,780.087 | Inadmissible to the extent it is used to introduce prior art that was not previously disclosed. | | |
| 184 | File History for U.S. Patent No. 5,939,122 | Inadmissible to the extent it is used to introduce prior art that was not previously disclosed. | | |
| 185 | FR Patent Publication No. 2474853 (in French language) | Failure to disclose as prior art | B0308-322 | |
| 188 | Frabosk Italian Patent, dated July 28, 1997 | Failure to disclose as prior art | | Anders' Reports |
| 203 | Frabosk *Cappuccino Creamer* product | Failure to disclose as prior art | | Anders' Reports |

# Defendant's Exhibits that Should Be Excluded For Failure to Disclose as Prior Art In Support of Opinion on Prior Art

| Δ's Ex. No. | Description | Objections | Bates Number(s) | Source |
|---|---|---|---|---|
| 207 | French Press Prior Art | Lack of Foundation, Hearsay, Irrelevant | B1737-1743 | Document Production Files |
| 221 | German Patent No. DE 4239380 A1 (English language translation) | Failure to disclose as prior art | | |
| 222 | DE Patent No. 333081 (English language translation) | Failure to disclose as prior art | | |
| 223 | FR Patent No. 965122 (English language translation) | Failure to disclose as prior art | | |
| 224 | BEL Patent No. 384589 (English language translation) | Failure to disclose as prior art | | |
| 225 | FR Patent No. 1055182 (English language translation) | Failure to disclose as prior art | | |
| 226 | BEL Patent No. 408126 (English language translation) | Failure to disclose as prior art | | |
| 227 | EU Patent No. 167423 (English language translation) | Failure to disclose as prior art | | |
| 228 | FR Patent Publication No. 2474853 (English language translation) | Failure to disclose as prior art | | |