```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MEYER INTELLECTUAL PROPERTIES    )
LIMITED, et al.,                 )
                                 )
            Plaintiffs,          )
                                 )
    v.                           )    No.  06 C 6329
                                 )
BODUM, INC.,                     )
                                 )
            Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

Both litigants have followed up on the final pretrial order in this patent infringement case by filing motions in limine. With the motions tendered by plaintiff patentee Meyer Intellectual Properties Limited and Meyer Corporation, U.S. ("Meyer," treated hereafter as a singular noun) having been addressed in two earlier opinions, this Court now turns to the submissions by defendant Bodum, Inc. ("Bodum"):

> 1. Its Motion in Limine To Preclude Plaintiffs from Seeking Damages in Excess of $50,000 and from Advancing Alternative Damages Theories (Dkt. 155) and
> 
> 2. Its Motion in Limine To Preclude Plaintiffs from Characterizing Their Alleged Invention, the Asserted Patents and the Asserted Patent Claims as Being Directed to Products (Dkt. 157).

### Dkt. 155

Bodum's concern as to the size of Meyer's claimed ad damnum turns out to be groundless. In responding to Bodum's earlier

discovery requests, Meyer had announced its intention to seek estimated lost royalties under a hypothetical license of its patents, amounting to a $50,000 lump sum royalty payment--and Meyer's current response confirms its intention to stick with that approach and that figure.  Accordingly that aspect of Bodum's motion is denied as moot.

But the same is not at all true as to what Bodum labels as "alternative damage theories," which its supporting memorandum particularizes as (1) treble damages based on willfulness and (2) an award of attorney's fees on the ground that the case is "exceptional."  Such components of a judgment in favor of a patentee are of course authorized by statutes (respectively 35 U.S.C. §§284 and 285)--and nothing in Meyer's discovery responses forecloses its effort to seek such recovery.

Bodum links its effort to bar such relief entirely with an attempt to keep any mention of such matters away from the jury. To be sure, both cited statutes vest the power of decision on those matters in the court rather than the jury, and Meyer has confirmed that it will make no effort to violate or take an end run around that principle.  But the Federal Circuit consistently recognizes the propriety of obtaining a finding of willful infringement from the jury (see, e.g., <u>141 Ltd. P'ship v. Microsoft Corp.</u>, 598 F.3d 831, 858 (Fed. Cir. 2010); <u>nCube Corp. v. SeaChange Int'l, Inc.</u>, 436 F.3d 1317, 1319 (Fed. Cir. 2006);

and the Federal Circuit Bar Association <u>Model Patent Jury Instructions</u> §3.8, which specifically prescribes a willful infringement instruction).

In summary, Dkt. 155 is denied in part as moot and is denied substantively in principal part. Meyer will be permitted to present evidence as to claimed willfulness to the jury, seeking a finding in that respect, and will be allowed to seek treble damages (if the jury does find willfulness) and an award of attorney's fees from this Court.

## Dkt. 157

As mentioned briefly in one of this Court's recent opinions dealing with Meyer's motions in limine, Bodum has renewed its effort to create a proverbial Chinese Wall between Meyer's method patents and Bodum's embodiment of those patents in its allegedly infringing frothers--its "products" or "apparatus." In that respect Bodum's Motion at 1 seeks to bar "statements that mislead or confuse the jury into believing the mere manufacture, sale, offer for sale and/or importation of accused products, by itself, is an infringement of the asserted patents."

But Meyer's response reconfirms, just as Meyer has previously stated, that it contemplates nothing of the sort. Instead it is of course essential for Meyer to address, in its infringement claim, Bodum's "products" or "apparatus" that employ the patented methods or that are designed to induce consumers to

do so (in addition to which discussion of the patented methods necessarily involves references to the product features involved).

This Court has earlier rejected that same argument by Bodum, advanced in the context of its attempted overly narrow reading of the principle that an asserted infringer must practice all steps of a patented method. Just as it would not do for Bodum to "put new wine into old bottles" (Matthew 9:17), its current attempt to "put old wine into new bottles" is equally improper. Bodum's Dkt. 157 is therefore denied.

## Conclusion

Neither of Bodum's motions in limine has proved persuasive. Except for the portion of Dkt. 155 that has been denied on mootness grounds, both its motions are denied as substantively insufficient.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 7, 2010

4