IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEYER INTELLECTUAL PROPERTIES )
LIMITED, et al., )
                              )
          Plaintiffs,         )
                              )
     v.                       )   No. 06 C 6329
                              )
BODUM, INC.,                  )
                              )
          Defendant.          )

MEMORANDUM ORDER

This Court has reviewed the parties' most recent memoranda bearing on the belated motion by Bodum, Inc. ("Bodum") to shoehorn into this action brought against it by Meyer Intellectual Properties Limited and Meyer Corporation, U.S. ("Meyer," treated as a singular noun for convenience), shortly before the previously-scheduled November 8 trial, some asserted prior art that Bodum's retained opinion witness[1] Robert Anders

---

[1] As this Court has explained in the past, when the Advisory Committee on the Rules of Evidence was amending Fed. R. Evid. ("Evid. R.") 701, 702 and 703--a task on which this Court, then a member of that Committee during the period before it was later designated to the Committee chairmanship, was assigned to take the lead oar in conjunction with the Committee's peerless reporter Professor Daniel Capra--serious consideration was given to changing the rules' titles and text to eliminate the use of the term "expert" entirely. After mulling the matter over, the Committee decided not to do so, lest the change in terminology might have unintended consequences (such as diverting attention from the important revisions in the actual language of those rules by prompting questions as to whether there was any substantive reason for such a change in terminology). So the term "expert" was retained, but at this Court's instance the last paragraph of the Committee Notes that accompanied the year 2000 amendments to Evid. R. 702 explained the desirability of eliminating the use of the "expert" label, most particularly in

("Anders") had not relied upon as identified relevant prior art in arriving at his opinions. In brief, this Court finds the arguments advanced in the memorandum tendered by counsel for Meyer persuasive and those submitted by counsel for Bodum unpersuasive.

At the time of trial this action will have been pending for almost exactly four years--it was filed on November 20, 2006. To say that it has been litigated vigorously by well-qualified counsel on both sides would be an understatement. To that end Bodum chose its expert (see n.1) Anders carefully and advisedly, and Anders prepared his required report with all the care that could have been expected of someone retained and paid for that purpose. As his report reflects, he considered a great deal of potentially relevant material and, having done so, settled on just two items as the relevant prior art.

It simply will not do for Bodum to take an end run around its own chosen expert's opinion by adducing testimony from its own people, Jorgen Bodum and Thomas Perez, as to other items that they consider prior art, whether that testimony is tendered under the rubric of Evid. R. 702 (the rule governing "expert" testimony) or of Evid. R. 701 (the rule that gives room for opinion testimony by lay witnesses). It must be said in that

---

jury trials--in that respect, see, e.g., Seventh Circuit Federal Jury Instruction (Civil) 1.21 and Federal Jury Instruction (Criminal) 3.07.

regard that the effort by Bodum's counsel to characterize testimony by those individuals--testimony that says essentially, "I consider X as prior art that causes Meyer's patent to be invalid because..."--as Evid. R. 701 and not as Evid. R. 702 testimony flouts the language and purpose of the insertion of Evid. R. 702(c), as carefully explained in the year 2000 Committee Notes to Evid. R. 701.  But whatever label is placed on the wrapper in which those witnesses' proposed testimony on that score is sought to be injected into the case, what has been said in several ways in the Meyer submission, as well as in the holdings and conclusions stated in this Court's earlier oral rulings and here, compels the rejection of Bodum's efforts.

Under the circumstances it should not come as a surprise that caselaw addressing comparable situations in the patent field is hard to come by.  One first-rate opinion by this Court's colleague Honorable Amy St. Eve has taken a look at a somewhat similar situation and has come to a conclusion entirely consistent with the ruling in this memorandum order (see Civix-DDI, LLC v. Celco P'ship, 387 F.Supp.2d 869, 884-85 (N.D. Ill. 2006))--but this Court's determination, as reflected here, has been driven primarily by the operative rules, both those relating to discovery and Evid. R. 701 and 702.

Accordingly Bodum's motion for reconsideration of this Court's earlier-announced ruling is denied.  Trial will proceed

without the introduction, as asserted prior art, of matters that Bodum has now come up with, rather than being limited to what Anders has identified as the gravamen of his expert (again see n.1) opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 7, 2010