IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEYER INTELLECTUAL PROPERTIES
LIMITED; and MEYER CORPORATION,
U.S.,

                Plaintiffs,

        v.

BODUM USA, INC.,

               Defendant.

Case No. 06 C 6329

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

This is a patent case.  The Plaintiff, Meyer Intellectual Properties Limited ("Meyer"), has brought a suit against Bodum USA, Inc. ("Bodum"), alleging infringement of two of Meyer's patents, U.S. Patent Nos. 5,780,087 ("the '087 Patent") and 5,939,122 ("the '122 Patent").  Bodum counterclaimed for declaratory judgment of non-infringement and invalidity.  The case proceeded to trial before another District Court judge which ended in a verdict for Meyer for willful infringement and set damages at $50,000.  The trial judge, based on the willfulness finding, trebled the damages and awarded attorneys' fees.  Bodum appealed to the Federal Circuit which reversed the judgment, based upon a number of the trial court's pretrial and trial rulings, which it considered erroneous.  Specifically, the Federal Circuit reversed the district court's

decision granting summary judgments that two of Bodum's products infringed Meyer's patents, reversed the trial court's pretrial rulings that precluded Bodum from introducing prior art even though it had been disclosed during discovery, that precluded Bodum's President from testifying as to one of its products as prior art, that precluded Bodum's expert from testifying on the issue of obviousness, that precluded Bodum from introducing any evidence of inequitable conduct, vacated the district court's decision denying Bodum JMOL that it did not willfully infringe, and vacated the district court's decision enhancing damages and awarding attorney fees. Finally, the court remanded the case for further proceedings consistent with its opinion.

Since this case has been the subject of multiple written rulings as well as a 28-page published opinion by the Federal Circuit (*Meyer Intellectual Properties Ltd. v. Bodum, Inc.,* 690 F.3d 1354 (Fed Cir. 2012)), the court will write sparingly on the facts of the case. Essentially the case involves two patents, a continuing application that later became the '122 Patent, and the original patent application, which was the '087 Patent. Both patents share a common specification which provides a method for frothing liquids such as milk. Specifically, the patents relate to "an apparatus and method for frothing, which allows the user to obtain foamy, frothed milk without the use of a complicated steamer device." The claims disclose a four-step method for doing so: (1)

providing a container that has a height to diameter aspect ration of 2:1; (2) pouring liquid such as milk into the container; (3) introducing a plunger that includes at least a rod and plunger body with a screen; and (4) pumping the plunger to aerate the liquid.

The inventor of the two patents was Frank Brady ("Brady") who for approximately ten years was an independent sales representative for Bodum, a company that designs and sells housewares products, including coffee makers, milk frothers, and other kitchen products. As CEO of Brady Marketing Company, Inc., Brady marketed and sold a number of Bodum's household products, including Bodum's French Press coffee makers, which used a container and a rod and plunger assembly to brew coffee. Brady testified that he first conceived of using a frother to provide aeration instead of steam in the mid-1990s, and introduced it for sale at a trade show in May 1996. He began selling this product through BonJour, Inc., a company he owned. In May 2005, Brady sold BonJour to Meyer and transferred its intellectual property rights to Meyer, including the '087 and the '122 Patents.

Meyer has accused three of Bodum's milk frothers of infringing the '087 and the '122 Patents. Bodum has moved for summary judgment of invalidity based on obviousness and Meyer has moved for summary judgment of infringement and no inequitable conduct.

- 3-

## II.  THE FEDERAL CIRCUIT OPINION

The pre-trial rulings of the District Court, which were reversed by the Federal Circuit, had limited the universe of prior art solely to the Ghidini Reissue Patent, No. RE 37,137, which described a method for frothing liquids.  The trial court excluded all other references submitted by Bodum, including Bodum's own Bodum 3-Cup French Press Coffee Maker, which consisted of a container using a rod and plunger assembly, and limited it to the Ghidini Reissue Patent, which taught a method for frothing milk using a container with a plunger assembly.  The pretrial rulings also prohibited Bodum's designated expert, Robert John Anders ("Anders"), as well as Bodum's CEO, Jorgen Bodum, from testifying. The latter was expected to testify as a non-expert to describe Bodum's products, its catalogs and drawings depicting the features of its French Press coffee maker which was on sale prior to the application dates for the patents-in-suit.

Essentially the basis for the court's reversals of the trial court pre-trial rulings was its view that the technology involved in this case was "not complex," so that the basis for precluding Anders' expert opinion as "ipse dixit" was incorrect; and that Anders' opinion that the patents-in-suit were obvious to one skilled in the art was based on "common sense," which was appropriate in obvious analysis of a non-technical patent, citing *Perfect Web Techs, Inc. v. InfoUSA, Inc.,* 587 F.3d 1324, 1329 (Fed

- 4-

Cir. 2009).  The court also held that the exclusion of the lay testimony of Jorgen Bodum that the Bodum 3-Cup French Press Coffee Maker was an accurate example of Bodum's product which had been on sale prior to the application for the patents-in-suit, was error. As was the attempt to corroborate Bodum's testimony with drawings and catalogs showing dimensions and the plunger assembly.  The court held that this proffered testimony was appropriate for a lay fact witness to give.

### III.  MOTION TO STRIKE ANDERS' UPDATED REPORT

Bodum in its Motion for Summary Judgment has attached an updated expert opinion from Anders that includes two references: the 1916 Belgium Patent No. 384,589 (the Belgian '589 Patent"), which taught how to froth liquids with a container and a plunger, and the Insta-Brewer, a coffee maker, which was similar to the Bodum 3-Cup French Press Coffee Maker but was sold as early as 1964. Meyer has moved, pursuant to Federal Rule of Civil Procedure 26(a), to strike this updated report based on untimeliness and prejudice. It is hard to see how Meyer is prejudiced by the "late" disclosure as the Original Anders Report, which was timely, included both references.  Although Anders did not specifically include them in the portion of his report in which he stated his opinion of obviousness, the references were included in his report and were not particularly different from the two that he specifically relied upon (the Bodum 3-Cup French Press Coffee Maker

and the Ghidini frother).  The Court does not believe that there is a basis for striking Anders latest report which was filed far more than thirty (30) days prior to trial, and, as conceded by Meyer, the references were, in fact, included in his initial report. Moreover, in his original report he reserved the right to supplement his report and rely on additional documents that came to his attention.  The Motion to Strike is therefore denied.

## IV.  DISCUSSION

Even if the Court were to exclude the updated Anders report, the Court could still consider these "new" references under the law of the case.  The Federal Circuit stated that lay witnesses in a non-technical case could testify to factual matters in helping the jury arrive at its opinion as to obviousness so long as they did express an opinion as to invalidity.   The Court further held that where the technology is easily understandable, expert testimony is not even required.  *Meyer Intellectual Properties Ltd.,* 690 F.3d at 1377.  Here, the Court has ample evidence that the use of plunger or piston to froth milk has been in use since at least 1916 and during subsequent years.  *See,* descriptions of prior art that were included in Meyer's responses to Bodum's SOF's Nos. 54, 38, 39, 44, and 45.

The standard for obviousness is located in Section 103(a) of the Patent Act.  35 U.S.C. § 103(a).  This section provides that a patent may not be issued "if the differences between the subject

matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." This is a question of law for the court based on underlying factual considerations. *Graham v. John Deere Co.,* 383 U.S. 1, 17 (1966). The use of common sense is allowed if the matters are not overly technical. *Meyer Intellectual Properties Ltd.,* 690 F.3d at 1375.

The prosecution history shows that the Patent and Trademark Office (the "PTO") rejected the application as obvious prior to an amendment that adopted the height to diameter ratio of "at least 2:1". There is no indication of why this ratio is important other than making frothing faster. The evidence shows that the Bodum 3-Cup French Press Coffee Maker had an external 130mm height to 64mm diameter, an internal ratio of 118mm to 64mm and exterior ratio of 130mm to internal of 64mm. The claims do not specify which ratio is the appropriate one. Furthermore, it is hard to see that a very minor difference in the ratio would not constitute equivalence.

Here the prior art Ghidini Patent teaches that a container of milk can be frothed using a plunger. The prior art Bodum 3-Cup French Press Coffee Maker included a container having a height to diameter ration of at least 2 to 1 under certain measurements and a plunger body having a circumference, a screen and a spring positioned about the circumference of the plunger body such that

the spring is biased to hold the screen in place in contact with, though not sealable connected to the container. It would appear reasonable for one of ordinary skill in the art to combine these references. To quote the concurring judge in the federal circuit in this case:

> the patents essentially claim the use of prior art French press coffee maker to froth milk. Instead of making coffee by using the plunger to separate coffee from coffee grounds, the plunger is depressed to froth milk. The idea of frothing cold milk by the use of aeration rather than steam is not new as reflected in the prior art Ghidini patent. Under the Supreme Court's decision in *KSR International Co. v. Teleflex, Inc.,* 550 U.S. 398, 420, 127 S.Ct. 1727, 167 L.Ed. 2d 705 (207), and its predecessors, it would be reasonable to expect that the claims would have been rejected as obvious by the examiner, and, if not, that they would have been found obvious on summary judgment by the district court.

*Meyer Intellectual Properties Ltd.,* 690 F.3d at 1380.

The Court agrees and finds that as a matter of law the '087 and '122 patents are obvious in light of the Bodum 3-Cup French Press Coffee Maker and the Ghidini Reissue Patent. Accordingly, Summary Judgment is rendered in favor of Bodum and against Meyer and the '087 and the '122 patents are ruled invalid based on obviousness.

## V. MEYER'S MOTION FOR SUMMARY JUDGMENT ON INFRINGEMENT AND NO INEQUITABLE CONDUCT

In so far as the Court has invalidated the '087 and '122 Patents for obviousness, the motions of Meyer are denied as moot.

## VI.   CONCLUSION

For the reasons stated herein, the Plaintiffs' Motion to Strike is denied.   Defendant's Motion for Summary Judgment is granted.   The plaintiff's motion for summary Judgment is denied.

**IT IS SO ORDERED**.

_____
    Harry D. Leinenweber, Judge
    United States District Court

Date:4/7/2014