IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEYER INTELLECTUAL PROPERTIES LIMITED; and MEYER CORPORATION, U.S.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BODUM USA, INC.,**<br><br>Defendant. | **Case No. 06 C 6329**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

**I.  BACKGROUND**

This patent case is now before the Court on a Motion by the Defendant, Bodum USA, Inc. ("Bodum"), to have the Court declare this an "exceptional" case under Section 285 of the Patent Act. This case has a long history before this Court and the Federal Circuit.

The Plaintiff, Meyer Intellectual Properties, Limited ("Meyer"), had brought suit against the Defendant, Bodum, alleging infringement of two of Meyer's patents, U.S. Patent Nos. 5,780,087 (the '087 Patent) and 5,939,122 (the '122 Patent), which provide a method for frothing liquids such as milk. The accused products were three of Bodum's milk frothers. Bodum counterclaimed for declaratory judgment of non-infringement and invalidity based on obviousness. In pretrial rulings the trial judge granted summary

judgment in favor of Meyer on direct infringement, disposed of the inequitable conduct defense on a motion in limine, limited the scope of prior art to what was expressly relied upon by the defense expert, excluded the testimony of Defendant's expert regarding obviousness on grounds that the expert's report was insufficiently detailed, and excluded the lay testimony of Defendant's CEO regarding one of its coffee presses.  The practical effect of these rulings was to exclude Bodum's primary prior art:  its own Bodum's 3-cup French Press coffee maker, which it contended, when in combination with one of its allowed prior art references, taught all of the elements of the two patents in suit.

The case proceeded to trial in the district court on the issue of invalidity, willfulness, and damages.  The jury returned a verdict in favor of Meyer finding that the patent was not invalid, the infringement was willful, and assessed damages at $50,000.00.  Bodum's Motion for Judgment as a Matter of Law was denied and the Court awarded enhanced damages and attorneys' fees.  Bodum appealed to the Federal Circuit which reversed in part, vacated in part, and remanded back to this Court.  Specifically, the Federal Circuit held that it was error to grant summary judgment on direct infringement, and that the District Court abused its discretion in limiting the scope of prior art to what was expressed in the expert's report, excluding the testimony of Bodum's expert on the issue of obviousness, excluding the lay testimony of Bodum's CEO,

and in disposing of the inequitable conduct defense on a motion in limine.  The main basis for the Federal Circuit's reversal was the exclusion of the prior art references and the expert testimony.

On remand before this Court, Meyer renewed its Motions for Summary Judgement on infringement and inequitable conduct.  Bodum filed a Motion for Summary Judgment on invalidity, based on obviousness, which it supported by an amended expert report which specifically included reliance on new references regarding frothing devices that were on sale prior to the issuance of the patent in suit.  Based on the additional prior art, this Court granted Bodum's Motion for Summary Judgment and denied the two Motions of Meyer as moot.

The United States Supreme Court in *Octane Fitness, LLC v. Icon Health and Fitness, Inc.,* 134 S.Ct. 1749, redefined an exception case under Section 285 and departed from the more stringent rule enunciated by the Federal Circuit in *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.,* 393 F.3d 1378 (Fed Cir. 2005).  The new definition provided that an "exception CAE stands out from others with respect to the substantial strength of a party's litigating position (considering the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  The "totality of the circumstances" was to be considered by the Court in making this decision.

## II. DISCUSSION

Bodum's request for exception case status is based on two points: first, that the inventor of the '087 and the '122 Patents withheld the Bodum 3-Cup coffee maker prior art with intent to deceive the Patent Examiner, which constitutes inequitable conduct, and, second, that Meyer was guilty of litigation misconduct, which included repeated efforts to preclude the introduction of the prior art Bodum 3-Cup coffee maker. It specifically cites the efforts to bar Bodum's proffered expert from testifying, to prevent Bodum from introducing its prior art references, and from presenting evidence of inequitable conduct.

Meyer responds by pointing out that there has not been any ruling by any court regarding inequitable conduct, other than the denial of Meyer's Motion for Summary Judgment of no inequitable conduct. Thus, there is no specific evidence before the Court that the inventor knew the Bodum 3-Cup coffee maker was material. All Bodum has produced is speculation which is insufficient to show inequitable conduct. It also denies that its litigation strategy amounted to misconduct. Meyer argues that the Federal Circuit has limited litigation misconduct to instances of unethical or unprofessional behavior, citing *Old Reliable Wholesale, Inc. v. Cornell Corp.,* 635 F.3d 539, 549 (Fed Cir. 2011). Its litigation behavior amounted to no more than zealous advocacy.

The Court finds that this case is not an exceptional case under Section 285. The Court agrees with Meyer that the record does not sufficiently support a finding of inequitable conduct so as to justify such a finding of an exceptional case. There is no specific evidence that the inventor was aware of the Bodum 3-Cup as a prior art reference at the time he obtained the two patents-in-suit. While he may have been aware that such a coffee maker existed, the fact that it was primarily a device to make coffee rather than one to froth liquid could be a reasonable explanation for not advising the patent examiner of it as a reference. The fact that Bodum's expert did not rely upon it in his expert report would be some evidence that it was not such an obvious reference so as to amount to inequitable conduct.

As far as litigation strategy is concerned, if efforts to limit inequitable conduct as an issue in a patent case as well as efforts to limit the introduction of evidence based on the Rules of Civil Procedure, makes a case an "exceptional" one, then almost every patent case would be exceptional. The Court notes that patent lawyers love to litigate aggressively and this was no exception on both sides. The first point the Court will make is that the claim that Meyer misled the trial judge is risible. The trial judge is, to say the least, an able and experienced trial judge who very clearly set forth the bases for his respective pretrial rulings in multiple written opinions. It is clear that

the Federal Circuit disagreed with his interpretation of the requirements of FED. R. CIV. P. 25(a)(2)(B) at least with respect to what the Federal Circuit believed are cases involving simple technology. Urging a Court to enforce previously issued rulings is certainly not misconduct. If a court incorrectly rules, a party is entitled to appeal to obtain a correction. That is what Bodum did in this case. But seeking to enforce previous Court rulings in one's favor is neither unethical nor unprofessional.

The Court would like to make one additional observation: the prior judge made a finding of exceptional case against Bodum, after trial, in large part based on Bodum's conduct at the trial. The conduct the Court found offensive was the refusal on the part of Bodum to accept the Court's prior rulings. Appropriate trial conduct requires a party who loses on a point to accept defeat and conduct oneself in accord with the Court's rulings. The Court in this case denied Bodum's attempt to raise inequitable conduct as a defense but was forced on multiple occasions during the trial to enforce its ruling. In addition, despite the Court's ruling limiting prior art, Bodum's attorneys attempted to include the excluded prior art in its claim chart prepared for final argument. Judges are not infallible. The appropriate response to perceived erroneous rulings is to accept them and then appeal. In any event, none of Meyer's litigation conduct was unprofessional or unethical so as to warrant a finding of an exceptional case.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Declare this an Exception Case under Section 285 of the Patent Act is denied.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Date:7/28/2014